LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
1990 South Bundy Dr., Suite 705
Los Angeles, California  90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
Jim@spertuslaw.com
Ezra@spertuslaw.com

Attorneys for Defendant Michael Bravin

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RED.COM, INC. dba RED DIGITAL CAMERA, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARRI INC., a Delaware corporation, and MICHAEL BRAVIN, an individual,<br><br>Defendants. | Case No. SACV11-01972 CJC (ANx)<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANT MICHAEL BRAVIN'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Defendant Michael Bravin ("Defendant" or "Mr. Bravin") hereby answers the Complaint filed by Plaintiff Red.Com, Inc. ("Plaintiff" or "Red") as follows:

### RESPONSES

1.      Answering paragraph 1, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

2.      Answering paragraph 2, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

3.      Answering paragraph 3, with respect to the first sentence, Mr. Bravin admits the allegations.  With respect to the second and third sentences, Mr. Bravin denies the allegations.  Mr. Bravin is informed and believes that Red has been stating to the public as part of a strategy to use this litigation for marketing purposes, that Mr. Bravin was indicted and arrested, but Mr. Bravin was neither indicted nor arrested.  With respect to the fourth sentence, Mr. Bravin admits the allegations.

4.      Answering paragraph 4, Mr. Bravin denies the allegations.

5.      Answering paragraph 5, Mr. Bravin denies the allegations.

6.      Answering paragraph 6, Mr. Bravin admits that he resides in California and is subject to personal jurisdiction in California.  Mr. Bravin is without sufficient knowledge to admit or deny the allegations concerning whether Defendant ARRI is "doing business in California" to the extent that term, as used in the Complaint, has legal significance for purposes of jurisdiction and venue and, on that basis, denies the allegations.  Mr. Bravin denies the remaining allegations.

7.      Answering paragraph 7, Mr. Bravin admits that Red is an inventor and developer of cameras and that Red released a camera in 2008.  Mr. Bravin admits that Red announced the Red Epic camera in 2009, and sold the Red Epic

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA. CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

in or about the end of 2010.  Mr. Bravin admits that Red's cameras have been used to shoot movies.  Mr. Bravin is without sufficient knowledge to admit or deny whether those movies were "blockbusters" and, on that basis, denies the allegation.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

8.   Answering paragraph 8, Mr. Bravin admits that Red's cameras have been used to shoot movies.  Mr. Bravin is without sufficient knowledge to admit or deny whether those movies were "blockbusters" and, on that basis, denies the allegation.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

9.   Answering paragraph 9, Mr. Bravin admits the allegations, however, denies that Band Pro is a "supplier."  Rather, Mr. Bravin admits that Band Pro is a reseller of equipment.

10.   Answering paragraph 10, Mr. Bravin denies the allegations relating to the years of his employment at Band Pro, but admits the remaining allegations.

11.   Answering paragraph 11, Mr. Bravin admits that Amnon Band gave him the username and password for Amnon Band's email account, but denies the allegations to the extent that they imply that Mr. Bravin "obtained the user name and password" in some other manner.

12.   Answering paragraph 12, Mr. Bravin denies the allegations.

13.   Answering paragraph 13, Mr. Bravin denies the allegations.

14.   Answering paragraph 14, with respect to the first and second sentences, Mr. Bravin admits the allegations.  Mr. Bravin denies the remaining allegations.

15.   Answering paragraph 15, with respect to the first sentence, Mr. Bravin admits the allegations.  Mr. Bravin denies the remaining allegations.

16.   Answering paragraph 16, Mr. Bravin denies the allegations.

17.   Answering paragraph 17, Mr. Bravin denies the allegations.

*DEFENDANT MICHAEL BRAVIN'S ANSWER TO PLAINTIFF'S COMPLAINT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

18.     Answering paragraph 18, Mr. Bravin denies the allegations.

19.     Answering paragraph 19, Mr. Bravin denies the allegations.

20.     Answering paragraph 20, with respect to the first sentence, Mr. Bravin denies the allegations.  Mr. Bravin is informed and believes that Red has been stating to the public as part of a strategy to use this litigation for marketing purposes, that Mr. Bravin was indicted and arrested, but Mr. Bravin was neither indicted nor arrested.  With respect to the remaining allegations set forth therein, Mr. Bravin admits the allegations.

21.     Answering paragraph 21, Mr. Bravin admits the allegations.

22.     Answering paragraph 22, Mr. Bravin denies the allegations.

23.     Answering paragraph 23, Mr. Bravin denies the allegations.

24.     Answering paragraph 24, Mr. Bravin denies the allegations.

25.     Answering paragraph 25, Mr. Bravin admits the allegations.

26.     Answering paragraph 26, Mr. Bravin admits that in July 2010 he posted on RedUser under the name Ed Carlton and discussed the ARRI Alexa camera.  Mr. Bravin is without sufficient knowledge to admit or deny the allegations relating to the IP addresses of the referenced computers and, on that basis, denies the allegations.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

27.     Answering paragraph 27, Mr. Bravin admits meeting with Jim Jannard, Jared Land, Kennel and Russell at Red Studios Hollywood on or about July 21, 2011.  Mr. Bravin admits that Jannard accused him of posting as a "ghost" on RedUser.  Mr. Bravin admits that he no longer posted on RedUser as Ed Carlton as a result of this meeting.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

28.     Answering paragraph 28, Mr. Bravin denies the allegations.

29.     Answering paragraph 29, Mr. Bravin denies the allegations, except to the extent that the paragraph accurately quotes language used on ARRI's

4

1   website.

2   30.    Answering paragraph 30, Mr. Bravin denies the allegations, except

3   to the extent that the paragraph accurately quotes language used on ARRI's

4   website or in other statements by ARRI, with the exception of the purported

5   advertising relating to the movie "I Hate You, Dad," for which Mr. Bravin is

6   without sufficient knowledge to admit or deny the allegations set forth in that

7   specific bullet point and, on that basis, denies the allegations

8   31.    Answering paragraph 31, Mr. Bravin admits to making the

9   statements quoted therein, but denies the remaining allegations.

10   32.    Answering paragraph 32, Mr. Bravin denies the allegations.

11   33.    Answering paragraph 33, Mr. Bravin incorporates by reference his

12   responses to paragraphs 1 through 32 of the Complaint.

13   34.    Answering paragraph 34, Mr. Bravin denies the allegations.

14   35.    Answering paragraph 35, paragraph 35 does not require a response

15   because it states legal conclusions.  To the extent that a response is required, Mr.

16   Bravin is without sufficient knowledge to admit or deny the allegations set forth

17   therein and, on that basis, denies the allegations.

18   36.    Answering paragraph 36, Mr. Bravin incorporates his responses to

19   paragraphs 20 and 21, and denies the remaining allegations.

20   37.    Answering paragraph 37, Mr. Bravin denies the allegations.

21   38.    Answering paragraph 38, Mr. Bravin incorporates by reference his

22   responses to paragraphs 1 through 32 of the Complaint.

23   39.    Answering paragraph 39, Mr. Bravin admits that the Complaint

24   asserts a claim against both Defendants for invasion of privacy.  Mr. Bravin

25   denies the remaining allegations.

26   40.    Answering paragraph 40, Mr. Bravin is without sufficient

27   knowledge to admit or deny the allegations set forth therein and, on that basis,

28   denies the allegations.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

41.     Answering paragraph 41, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

42.     Answering paragraph 42, denies the allegations.

43.     Answering paragraph 43, Mr. Bravin admits that Amnon Band gave him the username and password for Amnon Band's email account, but denies the allegations to the extent that they imply that Mr. Bravin "gained access to the username and password" in some other manner.

44.     Answering paragraph 44, Mr. Bravin admits that "after resigning from Brand Pro, [he] accessed the email account of Amnon Band," but Mr. Bravin denies the remaining allegations.

45.     Answering paragraph 45, Mr. Bravin denies the allegations.

46.     Answering paragraph 46, Mr. Bravin denies the allegations.

47.     Answering paragraph 47, Mr. Bravin denies the allegations.

48.     Answering paragraph 48, Mr. Bravin incorporates by reference his responses to paragraphs 1 through 32 of the Complaint.

49.     Answering paragraph 49, Mr. Bravin admits that the Complaint asserts a claim against both Defendants for conversion.  Mr. Bravin denies the remaining allegations.

50.     Answering paragraph 50, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

51.     Answering paragraph 51, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

52.     Answering paragraph 52, Mr. Bravin denies the allegations.

53.     Answering paragraph 53, Mr. Bravin admits that Amnon Band gave him the username and password for Amnon Band's email account, but denies the

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  allegations to the extent that they imply that Mr. Bravin "gained access to the

2  username and password" in some other manner.

3      54.    Answering paragraph 54, Mr. Bravin admits that "after resigning

4  from Brand Pro, [he] accessed the email account of Amnon Band," but Mr.

5  Bravin denies the remaining allegations.

6      55.    Answering paragraph 55, Mr. Bravin denies the allegations.

7      56.    Answering paragraph 56, Mr. Bravin denies the allegations.

8      57.    Answering paragraph 57, Mr. Bravin denies the allegations.

9      58.    Answering paragraph 58, Mr. Bravin denies the allegations.

10     59.    Answering paragraph 59, Mr. Bravin incorporates by reference his

11  responses to paragraphs 1 through 32 of the Complaint.

12     60.    Answering paragraph 60, Mr. Bravin admits that the Complaint

13  asserts a claim against both Defendants for misappropriation of trade secrets.

14  Mr. Bravin denies the remaining allegations.

15     61.    Answering paragraph 61, Mr. Bravin admits that Red is the

16  developer of the Red One, Epic and Scarlet cameras.  With respect to the

17  remaining allegations, Mr. Bravin is without sufficient knowledge to admit or

18  deny the allegations set forth therein and, on that basis, denies the allegations.

19     62.    Answering paragraph 62, Mr. Bravin denies the allegations.

20     63.    Answering paragraph 63, Mr. Bravin is without sufficient

21  knowledge to admit or deny the allegations set forth therein and, on that basis,

22  denies the allegations.

23     64.    Answering paragraph 64, Mr. Bravin denies the allegations.

24     65.    Answering paragraph 65, Mr. Bravin admits that Amnon Band gave

25  him the username and password for Amnon Band's email account, but denies the

26  allegations to the extent that they imply that Mr. Bravin "gained access to the

27  username and password" in some other manner.

28     66.    Answering paragraph 66, Mr. Bravin admits that "after resigning

7

1   from Brand Pro, [he] accessed the email account of Amnon Band," but Mr.

2   Bravin denies the remaining allegations.

3        67.   Answering paragraph 67, Mr. Bravin denies the allegations.

4        68.   Answering paragraph 68, Mr. Bravin denies the allegations.

5        69.   Answering paragraph 69, Mr. Bravin denies the allegations.

6        70.   Answering paragraph 70, Mr. Bravin denies the allegations.

7        71.   Answering paragraph 71, Mr. Bravin incorporates by reference his

8   responses to paragraphs 1 through 32 of the Complaint.

9        72.   Answering paragraph 72, Mr. Bravin admits that the Complaint

10  asserts a claim for false advertising under 15 U.S.C. § 1125(a).  Mr. Bravin

11  denies the remaining allegations.

12       73.   Answering paragraph 73, Mr. Bravin denies the allegations.

13       74.   Answering paragraph 74, Mr. Bravin denies the allegations, except

14  to the extent that the paragraph accurately quotes language used on ARRI's

15  website.

16       75.   Answering paragraph 75, Mr. Bravin denies the allegations, except

17  to the extent that the paragraph accurately quotes language used on ARRI's

18  website or in other statements by ARRI, with the exception of the purported

19  advertising relating to the movie "I Hate You, Dad," for which Mr. Bravin is

20  without sufficient knowledge to admit or deny the allegations set forth in that

21  specific bullet point and, on that basis, denies the allegations

22       76.   Answering paragraph 76, Mr. Bravin admits to making the

23  statements quoted therein, but denies the remaining allegations.

24       77.   Answering paragraph 77, Mr. Bravin denies the allegations.

25       78.   Answering paragraph 78, Mr. Bravin denies the allegations.

26       79.   Answering paragraph 79, Mr. Bravin incorporates by reference his

27  responses to paragraphs 1 through 32 of the Complaint.

28       80.   Answering paragraph 80, Mr. Bravin admits that the Complaint

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

8

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1   asserts a claim for false advertising under California Business & Professions

2   Code § 17500, *et seq.*  Mr. Bravin denies the remaining allegations.

3       81.    Answering paragraph 81, Mr. Bravin denies the allegations.

4       82.    Answering paragraph 82, Mr. Bravin denies the allegations, except

5   to the extent that the paragraph accurately quotes language used on ARRI's

6   website.

7       83.    Answering paragraph 83, Mr. Bravin denies the allegations, except

8   to the extent that the paragraph accurately quotes language used on ARRI's

9   website or in other statements by ARRI, with the exception of the purported

10  advertising relating to the movie "I Hate You, Dad," for which Mr. Bravin is

11  without sufficient knowledge to admit or deny the allegations set forth in that

12  specific bullet point and, on that basis, denies the allegations

13      84.    Answering paragraph 84, Mr. Bravin admits to making the

14  statements quoted therein, but denies the remaining allegations.

15      85.    Answering paragraph 85, Mr. Bravin denies the allegations.

16      86.    Answering paragraph 86, Mr. Bravin denies the allegations.

17      87.    Answering paragraph 87, Mr. Bravin incorporates by reference his

18  responses to paragraphs 1 through 86 of the Complaint.

19      88.    Answering paragraph 88, Mr. Bravin admits that the Complaint

20  asserts a claim against all Defendants for unfair competition under 15 U.S.C. §

21  1125(a).

22      89.    Answering paragraph 89, Mr. Bravin denies the allegations.

23      90.    Answering paragraph 90, paragraph 90 does not require a response

24  because it states legal conclusions.  To the extent that a response is required, Mr.

25  Bravin is without sufficient knowledge to admit or deny the allegations set forth

26  therein and, on that basis, denies the allegations.

27      91.    Answering paragraph 91, Mr. Bravin incorporates his responses to

28  paragraphs 20 and 21, and denies the remaining allegations.

92.     Answering paragraph 92, Mr. Bravin denies the allegations.

93.     Answering paragraph 93, Mr. Bravin denies the allegations.

94.     Answering paragraph 94, Mr. Bravin denies the allegations.

95.     Answering paragraph 95, Mr. Bravin denies the allegations.

96.     Answering paragraph 96, Mr. Bravin incorporates by reference his responses to paragraphs 1 through 95 of the Complaint

97.     Answering paragraph 97, Mr. Bravin admits that the Complaint asserts a claim against a claim for false advertising and unfair competition under 15 U.S.C. § 1125.

98.     Answering paragraph 98, Mr. Bravin admits the allegations.

99.     Answering paragraph 99, Mr. Bravin admits that in July 2010 he posted on RedUser under the name Ed Carlton and discussed the ARRI Alexa camera.  Mr. Bravin is without sufficient knowledge to admit or deny the allegations relating to the IP addresses of the referenced computers and, on that basis, denies the allegations.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

100.    Answering paragraph 100, Mr. Bravin denies the allegations.

101.    Answering paragraph 101, Mr. Bravin admits meeting with Jim Jannard, Jared Land, Kennel and Russell at Red Studios Hollywood on or about July 21, 2011.  Mr. Bravin admits that Jannard accused him of posting as a "ghost" on RedUser.  Mr. Bravin admits that he no longer posted on RedUser as Ed Carlton as a result of this meeting.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

102.    Answering paragraph 102, Mr. Bravin denies the allegations.

103.    Answering paragraph 103, Mr. Bravin denies the allegations.

104.    Answering paragraph 104, Mr. Bravin incorporates by reference his responses to paragraphs 1 through 103 of the Complaint

105.    Answering paragraph 105, Mr. Bravin admits that the Complaint

1    asserts a claim against both Defendants for interference with prospective

2    economic advantage.  Mr. Bravin denies the remaining allegations.

3        106.    Answering paragraph 106, Mr. Bravin denies the allegations.

4        107.    Answering paragraph 107, Mr. Bravin denies the allegations.

5        108.    Answering paragraph 108, Mr. Bravin denies the allegations.

6        109.    Answering paragraph 109, Mr. Bravin is without sufficient

7    knowledge to admit or deny the allegations set forth therein and, on that basis,

8    denies the allegations.

9        110.    Answering paragraph 110, Mr. Bravin denies the allegations.

10       111.    Answering paragraph 111, Mr. Bravin denies the allegations.

11       112.    Answering paragraph 112, with respect to the first sentence, Mr.

12   Bravin is without sufficient knowledge to admit or deny the allegations set forth

13   therein and, on that basis, denies the allegations.  With respect to the remaining

14   allegations set forth therein, Mr. Bravin denies the allegations.

15       113.    Answering paragraph 113, Mr. Bravin incorporates by reference his

16   responses to paragraphs 1 through 103 of the Complaint.

17       114.    Answering paragraph 114, Mr. Bravin admits that the Complaint

18   asserts a claim against both Defendants for interference with prospective

19   economic advantage.  Mr. Bravin denies the remaining allegations.

20       115.    Answering paragraph 115, Mr. Bravin denies the allegations.

21       116.    Answering paragraph 116, Mr. Bravin denies the allegations.

22       117.    Answering paragraph 117, Mr. Bravin is without sufficient

23   knowledge to admit or deny the allegations set forth therein and, on that basis,

24   denies the allegations.

25       118.    Answering paragraph 118, Mr. Bravin denies the allegations.

26       119.    Answering paragraph 119, Mr. Bravin denies the allegations.

27       120.    Answering paragraph 120, with respect to the first sentence, Mr.

28   Bravin is without sufficient knowledge to admit or deny the allegations set forth

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

11

therein and, on that basis, denies the allegations.  With respect to the remaining allegations set forth therein, Mr. Bravin denies the allegations.

121.   Answering paragraph 121, Mr. Bravin incorporates by reference his responses to paragraphs 1 through 32 of the Complaint.

122.   Answering paragraph 122, Mr. Bravin admits that the Complaint asserts a claim against ARRI for negligent interference with prospective economic advantage.  Mr. Bravin is without sufficient knowledge to admit or deny the remaining allegations set forth therein and, on that basis, denies the allegations.

123.   Answering paragraph 123, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

124.   Answering paragraph 124, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

125.   Answering paragraph 125, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

126.   Answering paragraph 126, Mr. Bravin is without sufficient knowledge to admit or deny the allegations set forth therein and, on that basis, denies the allegations.

127.   Answering paragraph 127, Mr. Bravin incorporates by reference his responses to paragraphs 1 through 32 and 121 through 126 of the Complaint

128.   Answering paragraph 128, Mr. Bravin admits that the Complaint asserts a claim against ARRI for negligence.  Mr. Bravin is without sufficient knowledge to admit or deny the remaining allegations set forth therein and, on that basis, denies the allegations.

129.   Answering paragraph 129, Mr. Bravin is without sufficient

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  knowledge to admit or deny the allegations set forth therein and, on that basis,

2  denies the allegations.

3      130.   Answering paragraph 130, Mr. Bravin is without sufficient

4  knowledge to admit or deny the allegations set forth therein and, on that basis,

5  denies the allegations.

6      131.   Answering paragraph 131, Mr. Bravin is without sufficient

7  knowledge to admit or deny the allegations set forth therein and, on that basis,

8  denies the allegations.

9      132.   Answering paragraph 132, Mr. Bravin is without sufficient

10 knowledge to admit or deny the allegations set forth therein and, on that basis,

11 denies the allegations.

12     133.   Answering paragraph 133, Mr. Bravin is without sufficient

13 knowledge to admit or deny the allegations set forth therein and, on that basis,

14 denies the allegations.

15     134.   Answering paragraph 134, Mr. Bravin incorporates by reference his

16 responses to paragraphs 1 through 29 and 121 through 126 of the Complaint

17     135.   Answering paragraph 135, Mr. Bravin admits that the Complaint

18 asserts a claim against ARRI for trespass to chattels.  Mr. Bravin is without

19 sufficient knowledge to admit or deny the remaining allegations set forth therein

20 and, on that basis, denies the allegations.

21     136.   Answering paragraph 136, Mr. Bravin is without sufficient

22 knowledge to admit or deny the allegations set forth therein and, on that basis,

23 denies the allegations.

24     137.   Answering paragraph 137, Mr. Bravin is without sufficient

25 knowledge to admit or deny the allegations set forth therein and, on that basis,

26 denies the allegations.

27     138.   Answering paragraph 138, Mr. Bravin is without sufficient

28 knowledge to admit or deny the allegations set forth therein and, on that basis,

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

13

1    denies the allegations.

2        139.  Answering paragraph 139, Mr. Bravin is without sufficient

3    knowledge to admit or deny the allegations set forth therein and, on that basis,

4    denies the allegations.

5        140.  Answering paragraph 140, Mr. Bravin is without sufficient

6    knowledge to admit or deny the allegations set forth therein and, on that basis,

7    denies the allegations.

8        141.  Answering paragraph 141, Mr. Bravin is without sufficient

9    knowledge to admit or deny the allegations set forth therein and, on that basis,

10    denies the allegations.

11        142.  Answering paragraph 142, Mr. Bravin incorporates by reference his

12    responses to paragraphs 1 through 141 of the Complaint

13        143.  Answering paragraph 143, Mr. Bravin admits that the Complaint

14    asserts a claim against both Defendants for unjust enrichment.  Mr. Bravin denies

15    the remaining allegations.

16        144.  Answering paragraph 144, Mr. Bravin denies the allegations.

17        145.  Answering paragraph 145, Mr. Bravin denies the allegations.

18        146.  Answering paragraph 146, Mr. Bravin denies the allegations.

## GENERAL DENIAL

20        Unless specifically admitted herein, Mr. Bravin denies the truth of each

21    and every allegation set forth in Plaintiff's Complaint and specifically denies that

22    Plaintiff is entitled to any relief against Mr. Bravin.

## AFFIRMATIVE DEFENSES

24        Without waiving or excusing the burden of proof of Plaintiff, or admitting

25    that any of the following are, in fact, defenses upon which Mr. Bravin has any

26    burden of proof, as opposed to denials of matters as to which Plaintiff has the

27    burden of proof, or that Mr. Bravin has any burden of proof at all, Mr. Bravin

28    hereby assert the following affirmative defenses:

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*DEFENDANT MICHAEL BRAVIN'S ANSWER TO PLAINTIFF'S COMPLAINT*

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

### First Affirmative Defense
### (Failure to State a Claim)

1.      The Complaint, and each and every purported cause of action contained therein, fails to state a claim against Mr. Bravin upon which relief can be granted.

### Second Affirmative Defense
### (Statute of Limitations and Laches)

2.      The Complaint is barred in whole or in part by the applicable statute of limitations and the doctrine of laches.

### Third Affirmative Defense
### (Not Real Party in Interest)

3.      The Complaint is barred in whole or in part on the ground that Plaintiff is not the real party in interest and therefore lacks standing to prosecute the claims.

### Fourth Affirmative Defense
### (Lacks Standing)

4.      The Complaint is barred in whole or in part on the ground that Plaintiff lacks standing to prosecute the claims.

### Fifth Affirmative Defense
### (Waiver, Estoppel, Acquiescence)

5.      The Complaint is barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

### Sixth Affirmative Defense
### (Release)

6.      The Complaint is barred in whole or in part by the doctrine of release to the extent that Band Pro is an agent of Plaintiff.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA. CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

## Seventh Affirmative Defense

### (Consent)

7.     The Complaint is barred in whole or in part by the doctrine of consent.

## Eighth Affirmative Defense

### (Excuse)

8.     The Complaint is barred in whole or in part by the doctrine of excuse.

## Ninth Affirmative Defense

### (No "Vested" Interest)

9.     The Complaint is barred in whole or in part on the ground that Plaintiff does not have a "vested" interest in any funds maintained by any defendants, and Plaintiff therefore lacks standing to assert claims under the Unfair Competition Law or False Advertising Law.

## Tenth Affirmative Defense

### (No "Unfair" Conduct)

10.     The Complaint is barred in whole or in part on the ground that any statements and/or conduct for which Plaintiff seeks to hold Mr. Bravin liable were not "unfair" under the Unfair Competition Law or False Advertising Law.

## Eleventh Affirmative Defense

### (No Expectation of Privacy)

11.     The Complaint is barred in whole or in part on the ground that Plaintiff did not have an objectively reasonable expectation of privacy in the information and/or things that it alleges were private.

*DEFENDANT MICHAEL BRAVIN'S ANSWER TO PLAINTIFF'S COMPLAINT*

## Twelfth Affirmative Defense
### (No Privacy Interest)

12.     The Complaint is barred in whole or in part on the ground that Plaintiff, as a corporation, lacks a sufficient personal privacy interest to establish an actionable invasion of privacy.

## Thirteenth Affirmative Defense
### (Failure to Maintain Secrecy)

13.     The Complaint is barred in whole or in part on the ground that Plaintiff did not employ efforts that are reasonable under the circumstances to maintain the secrecy of its purported trade secrets.

## Fourteenth Affirmative Defense
### (Not Trade Secrets)

14.     The Complaint is barred in whole or part on the ground that Plaintiff seeks to hold Mr. Bravin liable for allegedly misappropriating information that does not constitute trade secrets.

## Fifteenth Affirmative Defense
### (Good Faith and Lack of Malice)

15.     The Complaint is barred in whole or in part because any statements and/or conduct for which Plaintiff seeks to hold Mr. Bravin liable were made in good faith, honestly and not maliciously.

## Sixteenth Affirmative Defense
### (Truth)

16.     The Complaint is barred in whole or in part because any alleged statements for which Plaintiff seeks to hold Mr. Bravin liable were true when made.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

## Seventeenth Affirmative Defense
## (Fair Comment and Criticism)

17.    The Complaint is barred in whole or in part because any alleged statements for which Plaintiff seeks to hold Mr. Bravin liable were fair comment and criticism.

## Eighteenth Affirmative Defense
## (Opinion)

18.    The Complaint is barred in whole or in part because any alleged statements for which Plaintiff seeks to hold Mr. Bravin liable were opinion.

## Nineteenth Affirmative Defense
## (Communication to Interested Party Privilege)

19.    The Complaint is barred in whole or in part by California Civil Code § 47(c).

## Twentieth Affirmative Defense
## (Fair and True Report to Public Journal Privilege)

20.    The Complaint is barred in whole or in part by California Civil Code § 47(d).

## Twenty-first Affirmative Defense
## (First Amendment)

21.    The Complaint is barred in whole or in part because any alleged statements and conduct for which Plaintiff seeks to hold Mr. Bravin liable are protected by the First Amendment to the United States Constitution.

## Twenty-second Affirmative Defense
## (Constitutional Privileges)

22.    The Complaint is barred in whole or in part because any alleged statements and conduct for which Plaintiff seeks to hold Mr. Bravin liable were privileged under Article I, Section 2(a) of the California Constitution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

**Twenty-third Affirmative Defense**

**(Preempted by California Uniform Trade Secrets Act)**

23.    The Complaint is barred in whole or in part because pursuant to California Civil Code section 3426.7, the claims are preempted by the California Uniform Trade Secrets Act.

**Twenty-fourth Affirmative Defense**

**(Not Commercial Speech)**

24.    The Complaint is barred in whole or in part because any alleged statements and conduct for which Plaintiff seeks to hold Mr. Bravin liable were not commercial speech.

**Twenty-fifth Affirmative Defense**

**(No Probability of Future Economic Benefit)**

25.    The Complaint is barred in whole or in part because Plaintiff seeks to hold Mr. Bravin liable for interference with a purported prospective economic advantage where there was no probability of future economic benefit to Plaintiff.

**Twenty-sixth Affirmative Defense**

**(No Duty)**

26.    The Complaint is barred in whole or in part because Mr. Bravin does not owe a duty to Plaintiff.

**Twenty-seventh Affirmative Defense**

**(No Liability)**

27.    Plaintiff's damages, if any, were not caused by Mr. Bravin and are not attributable to the acts or omissions of Mr. Bravin.

**Twenty-eighth Affirmative Defense**

**(No Causation)**

28.    The Complaint is barred in whole or in part because Plaintiff has not suffered any harm as a result of any acts or omissions of Mr. Bravin alleged in

19

the Complaint, and any damages or harm alleged therein are attributable to causes other than any alleged acts or omissions of Mr. Bravin.

### Twenty-ninth Affirmative Defense

### (Acts/Omissions of Plaintiff)

29.    The Complaint is barred in whole or in part because any damages or injuries sustained by Plaintiff was caused, in whole or in part, by the acts or omissions of Plaintiff itself, or its agents, employees, or other representatives, and any recovery is therefore barred or must be reduced in accordance with Plaintiff's own conduct.

### Thirtieth Affirmative Defense

### (Tort of Another)

30.    The Complaint is barred in whole or in part by the doctrine of tort of another.

### Thirty-first Affirmative Defense

### (Unclean Hands)

31.    The Complaint is barred in whole or in part by Plaintiff's unclean hands.

### Thirty-second Affirmative Defense

### (Acts/Omissions of Others)

32.    The Complaint is barred in whole or in part because the sole and proximate cause of the incidents and/or damages complained of in the Complaint were the acts or omissions of parties, persons and/or entities other than Mr. Bravin.

### Thirty-third Affirmative Defense

### (Apportionment of Liability)

33.    Plaintiff's damages, if any, proximately resulted from the acts or omissions of parties, persons, and/or entities other than Mr. Bravin, and Mr.

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1    Bravin's liability, if any, is limited in direct proportion to the percentage of fault

2    actually attributable to Mr. Bravin.

3    **Thirty-fourth Affirmative Defense**

4    **(Comparative Fault)**

5        34.    Plaintiff's damages, if any, proximately resulted from the acts or

6    omissions of parties, persons, and/or entities other than Mr. Bravin, and by

7    reason thereof, any recovery by Plaintiff against Mr. Bravin must be reduced by

8    an amount equal to the proportionate fault of others pursuant to applicable law.

9    **Thirty-fifth Affirmative Defense**

10    **(Failure to Mitigate)**

11        35.    Plaintiff has failed to mitigate its damages, if any.

12    **Thirty-sixth Affirmative Defense**

13    **(Avoidable Consequence)**

14        35.    Plaintiff's damages, if any, could have been avoided under the

15    doctrine of avoidable consequences.

16    **Thirty-seventh Affirmative Defense**

17    **(No Injury)**

18        37.    The Complaint is barred in whole or in part because Plaintiff did not

19    suffer any injury, or, in the alternative, suffered negligible damages.

20    **Thirty-eighth Affirmative Defense**

21    **(Offset)**

22        38.    To the extent that Mr. Bravin is liable to Plaintiff for any sum

23    arising out of the allegations in Plaintiff's Complaint, said sum must be reduced

24    by the amount of goods, services and/or benefits of any kind received by

25    Plaintiff.

26

27

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA. 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

**Thirty-ninth Affirmative Defense**

**(No Entitlement to Punitive Damages)**

39.     Plaintiff has failed to allege facts which support the recovery of any punitive or exemplary damages award.  Further, Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages  under California law or the laws of the United States in general, and/or any such award under California law or the laws of the United States as applied to the facts of this specific action, would violate the constitutional rights of Mr. Bravin under provisions of the California and United States Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

**Fortieth Affirmative Defense**

**(Eighth Amendment)**

40.     The damages sought by Plaintiff against Mr. Bravin, if awarded, would constitute an "excessive fine" under the Eighth Amendment of the United States Constitution.

**Forty-first Affirmative Defense**

**(Injunctive Relief Improper)**

41.     Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law and/or cannot make the other requisite showings to obtain injunctive relief at all, and the requested injunctive relief is improper in any event.

*DEFENDANT MICHAEL BRAVIN'S ANSWER TO PLAINTIFF'S COMPLAINT*

### Forty-second Affirmative Defense
### (No Entitlement to Attorneys' Fees)

42.     The Complaint, and each and every purported cause of action contained therein, fails to allege facts sufficient to allow recovery of attorneys' fees from Mr. Bravin.

### Forty-third Affirmative Defense
### (Failure to Plead with Particularity)

43.     The Complaint does not describe the claims against Mr. Bravin with sufficient particularity and certainty to enable Mr. Bravin to determine what additional defenses may exist.  Mr. Bravin therefore reserves the right to assert all defenses which may be pertinent to or arise from said Complaint once the precise nature of such claims and causes of action are ascertained through discovery.

### Forty-fourth Affirmative Defense
### (Reservation of Defenses and Right to Amend)

44.     Mr. Bravin has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Mr. Bravin reserves the right to raise such additional defenses upon receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise.

### __PRAYER FOR RELIEF__

WHEREFORE, Mr. Bravin prays for relief as follows:

1.  That Plaintiff take nothing by its Complaint;

2.  That the Complaint be dismissed with prejudice;

3.  That judgment be entered in favor of Mr. Bravin;

4.  For costs and attorneys' fees allowed by law; and,

5.  For such other and further relief as the Court deems just and proper.

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

1

## **DEMAND FOR JURY TRIAL**

2    Mr. Bravin hereby demands a jury trial.

3   Dated: February 15, 2012         LAW OFFICES OF JAMES W. SPERTUS

4

5                                    By:    /S_____

6                                           James W. Spertus
                                            Ezra D. Landes
7                                           Attorneys for Defendant Michael Bravin

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*DEFENDANT MICHAEL BRAVIN'S ANSWER TO PLAINTIFF'S COMPLAINT*